In the Matter of the Application for an Investigation into the Financial Affairs of the VILLAGE OF HAVERSTRAW, ROCKLAND COUNTY, NEW YORK.

Supreme Court, Rockland County, April 25, 1928.

**Municipal corporations — summary investigation into financial affairs — report of investigator, appointed pursuant to General Municipal Law, § 4, to inquire into financial affairs of village of Haverstraw, warrants finding petitioners were justified in requesting investigation — report shows irregularities, omissions and illegal acts of village officers — proof does not show that officers acted corruptly or dishonestly — costs of proceeding should be taxed against and paid by officers of village, pursuant to General Municipal Law, § 4 — report of accountant should be filed with village clerk and should remain open for public inspection.**

The petitioners, residents and taxpayers of the village of Haverstraw, were justified in applying for a summary investigation into the financial affairs of that village, under section 4 of the General Municipal Law, where the report of a certified public accountant, appointed to make the investigation, shows that the appropriations in each of the years covered by the examination were exceeded by substantial amounts; that moneys appropriated for one purpose were improperly used for other purposes; that moneys were illegally borrowed in excess of statutory authority and limitations; that the village taxes were not properly collected; that contracts were entered into for street and gutter construction in excess of appropriations and that there were many other irregularities, omissions and illegal acts committed by the officers of the village during the period covered by the investigation. But there is no proof that any of the officers of the village acted corruptly or dishonestly or have profited directly or indirectly by any of the illegal acts and irregularities shown by the accountant's report. As a matter of fact, since the investigation the condition of the village government has improved substantially.

Since the facts set out in the affidavit executed by the petitioners have been substantially proved, the costs of this proceeding should be taxed against and paid by the officers of the village of Haverstraw who were in office during the periods covered by the investigation and who were served with a copy of the affidavit and an order to show cause therein (Gen. Mun. Law, § 4), but, inasmuch as the investigation has resulted in an advantage to the village and benefit to the taxpayers, it would be proper that the village bear the financial burden of the investigation.

A detailed report of the accountant should be filed with the village clerk and kept open at all reasonable times to public inspection and a copy of this memorandum should be published in such newspapers published in the village as the trustees may select.

PROCEEDING, under section 4 of the General Municipal Law, for an investigation into the financial affairs of a village.

*Ernest W. Hofstatter,* for the petitioners.

*William D. Cunningham,* for Patrick J. Lynch.

TOMPKINS, J.   Upon the affidavit of thirty residents and tax-payers of the village of Haverstraw, verified the 17th day of January, 1927, in support of an application for a summary investigation into the financial affairs of the village of Haverstraw, Rockland county, N. Y., an order was made by me on the 28th day of January, 1927, granting said application and appointing Alexander M. Banks, a certified public accountant, to make such investigation under section 4 of the General Municipal Law.   Mr. Banks has now made and submitted a report showing the results of his investigation of the records of the treasurer of the said village for the fiscal years 1922–1923 to 1926–1927 inclusive; the acts of the board of trustees in financing the affairs of the village and a review of the assessments and collection of taxes for the fiscal years 1912–1913, 1926–1927.   This report contains the details of all the financial transactions of the officers of the said village during the periods above stated and demonstrates the fact that the petitioners in this proceeding were justified in asking for an investigation under section 4 of the General Municipal Law, and that the order made on their application was proper.

Summarizing the contents of the expert's report, it shows that the appropriations in each of the years covered by the examination were exceeded by substantial amounts and that moneys appropriated for one purpose were improperly used for other purposes (schedule 1 of accountant's report); that moneys were illegally borrowed in excess of statutory authority and limitations; that moneys were borrowed for no specific purpose, except that the village funds were exhausted (schedule 1 of accountant's report); many illegal bills were audited and paid (page 2 of accountant's report).   The investigation and report show that village taxes were not properly collected and that arrearages of taxes accumulated until approximately $24,000 of unpaid taxes appeared upon the books, and this, of course, caused a shortage of current funds and resulted in promiscuous, reckless and unauthorized borrowing.   (Schedules C, C-1, C-2, also page 4 of accountant's report.)   The sum of $16,000 illegally borrowed from the People's Bank of Haverstraw was voluntarily refunded to the village by the bank and subsequent thereto, such loans were legalized by the village taxpayers and thereafter paid to the bank.

Contracts were entered into for street and gutter construction in excess of appropriations in the sum of $13,867.82.   (Pages 5 and 6, accountant's report.)   It appears that no minutes of the proceedings of the board of trustees were kept from June 13, 1921, to March 24, 1924.   (Page 8, accountant's report.)   This is a serious omission on the part of the trustees of the village, whose

duty it was to see that the clerk of the board kept an accurate signed record of all the minutes of the meetings held by the board of trustees as well as by the board of health. The clerk is also required to keep a record in a separate book of all village ordinances and to keep an accurate account of all orders drawn on the treasurer of the village, showing the person to whom, and the fund from which, the amount of each order is to be paid. (Village Law, § 82.) It appears by the accountant's report that there had been several village clerks during the period under investigation and in some instances, the village had no clerk, with the result that no minutes of the meetings of the board of trustees from June 13, 1921, to March 24, 1924, appear on the minute book and in many instances the minutes are not signed and they do not show the details of the amounts paid or persons to whom the trustees ordered payments to be made.

The foregoing is a brief statement of the irregularities, omissions and illegal acts of the village officers during the period covered by the investigation.

There is no proof that the trustees or any of the officers of the village acted corruptly or dishonestly or have profited directly or indirectly by any of the illegal acts and irregularities shown by the accountant's report. It is a case of neglect, carelessness and indifference or lack of knowledge on the part of the men who, during the periods in question, were in charge of the village affairs. I understand, although it does not appear in proof before me, that since the end of the period covered by the investigation, the conditions of the village government have very much improved, and that a large part of the arrearages of taxes have been collected and the indebtedness of the village largely liquidated or provided for. These changes and improved conditions have no doubt been due to this proceeding, and the results shown by the accountant's examination of the village affairs and his report, and the order to be made thereon, will serve as a rule or guide for the future.

The General Municipal Law (§ 4) provides that the costs incurred in such a proceeding as this shall be taxed by the justice and paid upon his order, by the officers whose expenditures are investigated, if the facts in such affidavit be substantially proved. I find that the facts stated in the affidavit made by the said thirty taxpayers have been substantially proved and that the costs of this proceeding shall be taxed against and paid by the officers of the said village of Haverstraw who were in office during the periods covered by this investigation, and who were served with the copies of said affidavit and the order to show cause herein.

In a similar proceeding in which the financial affairs of the village

of Monticello, Sullivan county, N. Y., were investigated, and where it was found that irregularities had occurred and illegal acts had been committed in the administration of the village affairs, but where, as in this case, there was no dishonest motive or corrupt act, the Supreme Court justice, while he assessed the costs against the village officers, suggested that the board of trustees then in office should submit to the qualified voters of the village a proposition that such costs be paid out of the village funds, and inasmuch as the present investigation has resulted in an advantage to the village and benefit to the taxpayers and will be a guide for the future in village affairs, I think that it would be just that the village bear the financial burden of the investigation.

The original detailed report of the accountant shall be filed with the village clerk and shall be open at all reasonable times to public inspection. A copy of this memorandum shall be published in such newspapers or newspaper printed in the said village as the board of trustees may select, once a week for two consecutive weeks at the expense of the village.